UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NORMAN CALDWELL,

Plaintiff,

- against -

SDH EDUCATION WEST, LLC

Defendants.

Civil Action No. 1:20-cv-1274 (GLS/DJS)

JURY TRIAL DEMANDED

Plaintiff Norman Caldwell, as and for his Verified Complaint against SDH Education West, LLC, hereby alleges as follows:

NATURE OF THE CLAIMS

1. This Charge concerns claims of gender-based discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the New York State Human Rights Law (NYSHRL), N.Y. Exec. L. § 296, *et. seq.,* brought by Mr. Norman Caldwell (hereinafter "Mr. Caldwell") against SDH Education West, LLC, which operates under the business name "Sodexo." Specifically, Mr. Caldwell was subjected by repeated and vile unwanted touching and sexual harassment from a co-worker. Despite promptly and appropriately reporting the harassment on multiple occasions, no action was taken by Sodexo, which resulted in further sexual harassment and abuse.

THE PARTIES

2. SDH Education West, LLC is a Delaware limited liability company, with its headquarters at 9801 Washintonian Boulevard, Gaithersburg, Maryland. SDH Education West, LLC is a wholly owned subsidiary of Sodexo, Inc., which is a Delaware Corporation with its headquarters at 9801 Washintonian Boulevard, Gaithersburg, Maryland. SDH Education West,

LLC is hereinafter referred to as "Sodexo." As relevant to the instant Complaint, Sodexo provides food service solutions to a variety of institutional clientele. One such client is Rensselaer Polytechnic Institute (RPI) located on Burdett Avenue in Troy, New York.

3. Mr. Caldwell became an employee of Sodexo in or around August 2017 when he was placed there as a Cook / Food Prep. worker through People Ready, a staffing agency. At all times relevant to this Charge, Mr. Caldwell was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and N.Y. Exec. L. § 292.

4. At all times pertinent to this Charge, Sodexo acted as Mr. Caldwell's "employer" within the meaning of 42 U.S.C. § 2000e(f) and N.Y. Exec. L. § 292.

5. Sodexo been continuously been doing business in the State of New York and has continuously employed at least fifteen (15) employees at all times relevant to this Complaint

FACTS

6. Mr. Caldwell is a male who began working for Sodexo in or around August 2017 at RPI on Burdett Avenue in Troy, New York. Mr. Caldwell was placed in the position of Cook / Food Prep. by People Ready, a staffing Agency.

7. After Mr. Caldwell began working for Sodexo, Mr. Caldwell reported directly to supervisor Brian Lewis ("Mr. Lewis"). Mr. Lewis and/or other Sodexo employees directed all aspects of Mr. Caldwell's day to day work, including the hours Mr. Caldwell worked, and the tasks that Mr. Caldwell would complete during his workday. Mr. Lewis was an employee of Sodexo, not People Ready.

8. In addition to Sodexo directing Mr. Caldwell's work activities and setting his hours, Sodexo also owned or controlled all of the equipment, uniforms, and food used by Mr. Caldwell to accomplish his daily job duties.

9. Sodexo also had the authority to terminate Mr. Caldwell's employment with Sodexo and could do so by alerting People Ready that Mr. Caldwell's services were no longer desired or needed.

10. Upon information and belief, all policies and procedures governing Mr. Caldwell's work at Sodexo were also established and enforced by Sodexo, not People Ready.

11. Upon information and belief, under Sodexo's policies and procedures, supervisors including Mr. Lewis were charged with addressing employee allegations of sexual harassment and/or reporting allegations of sexual harassment to upper level management and/or Human Resources.

12. On or about December 14, 2017, Mr. Caldwell bent over and one of Mr. Caldwell's colleagues, Mr. Brian Wiley, approached Mr. Caldwell from behind. While Mr. Caldwell was bent over, Mr. Wiley proceeded to rub and push his penis against Mr. Caldwell's buttocks. Mr. Caldwell felt humiliated and violated. He loudly objected to this conduct by Mr. Wiley, and then proceeded to report this egregious sexual harassment to his direct supervisor, Mr. Lewis.

13. Upon receiving the report of sexual harassment from Mr. Caldwell, Mr. Lewis assured Mr. Caldwell that corrective action would be taken and that "he was going to handle it." However, upon information and belief, no corrective or preventative measures were taken whatsoever to protect Mr. Caldwell. Mr. Wiley was neither terminated nor subjected to discipline.

14. As a result of Sodexo's failure to take any preventative or corrective measures, Mr. Caldwell was subjected to unwanted sexual touching by Mr. Wiley on at least two more occasions in January 2018. Specifically, Mr. Wiley would wait for Mr. Caldwell to bend down, sneak up behind in him, and then rub and press his penis into Mr. Caldwell's buttocks. Mr. Caldewell again reported these incidents to his supervisor, who once again assured Mr. Caldwell that corrective

measures would be taken and the sexual harassment would be addressed through HR. However, upon information and belief no preventative or corrective measures whatsoever were taken.

15. As a result of Sodexo's failure to take any preventative or corrective measures, Mr. Caldwell was subjected to unwanted sexual touching by Mr. Wiley yet again in March of 2018. On this occasion, Mr. Wiley snuck up behind Mr. Caldwell inserted his fingers in between Mr. Caldwell's butt cheeks and attempted to maneuver them to penetrate Mr. Caldwell. Mr. Caldwell once again loudly protested this vile sexual harassment and assault and this time reported the incident to multiple additional Sodexo supervisory employees and People Ready.

16. During each assault, and at other times as well, Mr. Wiley would make comments to Mr. Caldwell indicating a sexual attraction to him, such as, "look how you move your ass"; "I know you're gay . . .."; "you're just waiting for someone to slide in"; and other statements of s similar character.

17. Approximately one (1) month following Mr. Caldwell's March 2018 report of sexual harassment, he was advised by Sodexo that his employment was being terminated because his background check was "pending." Mr. Caldwell believes that this purported reason was false as he had previously successfully passed his background investigation and there were no events in the interim that would have presented any problem with Mr. Caldwell again passing such a screening. When Mr. Caldwell asked People Ready why he was being discharged by Sodexo, an employee in People Ready's HR department named Nicole informed Mr. Caldwell that Sodexo "didn't want [Mr. Caldwell] there anymore." Mr. Caldwell was never again placed in a full-time position with Sodexo, and was instead only called back to work there on a few isolated weekend shifts.

18. Mr. Caldwell still struggles daily as a result of the sexual harassment he endured at Sodexo. As a result of Sodexo's incredible failure to protect Mr. Caldwell or respond to his complaints, Mr. Caldwell has suffered what is likely to be permanent damage to his health and well-being. Nearly every aspect of Mr. Caldwell's life has been affected by these events. His long-term girlfriend of six years frequently tells him that he is "not the same person" since these events have occurred.

19. Prior to these events occurring, Mr. Caldwell was outgoing and had many friends in Troy, New York where he lived. He has since completely withdrawn from these friends and no longer socializes with anyone besides his girlfriend. However, after these events occurred, he couldn't bear to be around his friends and moved to Albany, New York to distance himself from those people he was previously close with.

20. Mr. Caldwell also used to be a generally happy individual with a zest for life. He is now frequently angry, resentful, and depressed. Upon information and belief, Mr. Caldwell followed the proper reporting channels and trusted that Sodexo would provide him a work environment where he would not be subjected to frequent unwanted sexual touching and harassment, yet as set forth above, Sodexo did nothing.

21. Mr. Caldwell remains traumatized to this day by the harassment he endured. When he is at work or out in public he has panic attacks fearing that he will be assaulted again. Sometimes while alone he bursts into tears thinking about what occurred. He cannot trust his coworkers and while working at his current job he is forced to insist that his colleagues stand in front of him so that no one is ever behind him. All of this damage is the direct result of the harassment he endured at Sodexo.

22. On or about May 29, 2018, Mr. Caldwell, while *pro se*, filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) regarding the allegations that are the subject of this Complaint. *See* Exhibit 1.

23. On July 30, 2020, the EEOC issued a Notice of Right to Sue (NORTS) Letter to Mr. Caldwell. *See* Exhibit 2.

24. The instant lawsuit is timely commenced within ninety (90) days of Mr. Caldwell's receipt of the July 30, 2020 NORTS Letter.

JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action is based on Title VII of the Civil Rights Act, and pursuant to 28 U.S.C. § 1337 because the action is based on a federal statute regulating commerce.

26. This Court has subject matter jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367 because the state law claim forms part of the same case or controversy as the federal claims.

27. Venue is proper in the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of New York.

28. Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices are alleged to have been committed within the Northern District of New York.

AS AND FOR A FIRST CAUSE OF ACTION
HOSTILE WORK ENVIRONMENT HARSSMENT (TITLE VII and NYSHRL)

29. Mr. Caldwell repeats and realleges paragraphs 1 – 28 as if set forth fully herein.

30. Mr. Caldwell is within a protected class on account of his sex.

31. Mr. Caldwell suffered egregious sex-based harassment, discrimination, and retaliation because of his sex. This harassment was frequent, severe and/or pervasive, and continued until Mr. Caldwell's discharge by Sodexo.

32. The discriminatory and harassing acts were unwelcome to Mr. Caldwell.

33. Discriminatory intimidation, ridicule, and insult permeated the work environment, and were sufficiently severe or pervasive to alter the conditions of Mr. Caldwell's employment and to create a hostile and abusive working environment as set forth herein.

34. Mr. Caldwell's supervisors encouraged the harassment and/or failed to stop others under his direction from doing the same.

35. The hostile work environment unreasonably interfered with Mr. Caldwell's ability to perform his job duties through the heinous unwanted sexual advances and unwanted sexual touching from Mr. Caldwell's colleague. Such acts flowed directly from management's failure to take prompt corrective action to stop the hostile work environment.

36. Mr. Caldwell felt the effects of the harassment profoundly, suffering constant anxiety and humiliation and ultimately dreading the thought of going to work each morning.

37. The hostile work environment was severe and pervasive as alleged above.

38. Mr. Caldwell perceived the working environment to be abusive and hostile, and a reasonable person in Mr. Caldwell's position would similarly consider the work environment to be abusive or hostile.

39. Mr. Caldwell was the object of the harassment by reason of his sex.

40. As a direct and proximate result of the discrimination and harassment alleged herein, Mr. Caldwell has incurred damages, including but not limited to, lost income and benefits, humiliation, loss of enjoyment of life, emotional distress, damage to his professional reputation, and other pecuniary and non-pecuniary losses.

AS AND FOR A SECOND CAUSE OF ACTION
RETALIATION AND RETALIATORY DISCHARGE (TITLE VII and NYSHRL)

41. Mr. Caldwell repeats and realleges paragraphs 1 – 28 as if set forth fully herein.

42. Mr. Caldwell is within a protected class on account of his protected activity, including but not limited to, (1) his December 2017 complaint to Mr. Lewis; (2) his January/February 2018 Complaints to Mr. Lewis; and (3) his March 2018 complaints to Mr. Lewis, other Sodexo employees, and People Ready.

43. Mr. Caldwell's protected activity was known to Sodexo and Sodexo's decision-makers in regard to his termination and other retaliatory acts complained of.

44. Following and because of Mr. Caldwell's protected activity, Mr. Caldwell was threatened with and subjected to tangible and/or materially adverse employment actions by Sodexo, including but not necessarily limited to being discharged as an employee of Sodexo in or around April 2018

45. Mr. Caldwell did not engage in any misconduct to support the termination of his employment with Sodexo. However, even if Mr. Caldwell did engage in any such infractions, any such infractions were not comparable in seriousness to misconduct of similarly situated employees outside of the protected classes to which he belonged who were not subjected to similar materially adverse actions.

46. As a direct and proximate result of Respondent's illegal retaliation against Mr. Caldwell and retaliatory discharge of him, Mr. Caldwell has incurred damages including but not

limited to lost income and benefits, humiliation, loss of enjoyment of life, emotional distress, damage to his professional reputation, and other pecuniary and non-pecuniary losses, which damages would not have occurred but for Respondent's illegal retaliation and retaliatory discharge.

## AS AND FOR A SECOND CAUSE OF ACTION SEX-BASED DISCRIMINATION (TITLE VII and NYSHRL)

47. Mr. Caldwell repeats and realleges paragraphs 1 – 28 as if set forth fully herein.

48. Mr. Caldwell is within a protected class on account of his sex.

49. Mr. Caldwell's sex was known to Respondent and Respondent's decision-makers in regard to his termination and other discriminatory acts complained of.

50. Because of his sex, Mr. Caldwell was threatened with and subjected to tangible adverse employment actions by Sodexo, including his termination in or around April 2018.

51. Mr. Caldwell did not engage in any misconduct to support the termination of his employment with Sodexo. However, even if Mr. Caldwell did engage in any such infractions, any such infractions were not comparable in seriousness to misconduct of similarly situated employees outside of the protected classes to which he belonged who were not subjected to similar adverse employment actions.

52. As a direct and proximate result of Respondent's illegal discrimination against Mr. Caldwell and retaliatory discharge of him, Mr. Caldwell has incurred damages including but not limited to lost income and benefits, humiliation, loss of enjoyment of life, emotional distress, damage to his professional reputation, and other pecuniary and non-pecuniary losses, which damages would not have occurred but for Respondent's illegal discrimination and discriminatory discharge.

## PRAYER FOR RELIEF

Mr. Caldwell respectfully requests the following relief against Respondents:

a. Award Mr. Caldwell injunctive relief, including but not limited to, an order requiring Respondents to establish and maintain an appropriate training program for supervisors and staff for eliminating sexual harassment and retaliation in its workplace.

b. Direct Respondents to pay Mr. Caldwell an appropriate award of front and back pay, including all lost income and benefits of employment, both past and future.

c. Direct Respondents to pay Mr. Caldwell for his past and future non-pecuniary losses resulting from the illegal conduct and practices complained of herein, including but not limited to damages flowing from his humiliation, loss of enjoyment of life, emotional distress, damage to his professional reputation, and other compensatory damages.

d. Direct Respondents to pay Mr. Caldwell punitive and exemplary damages for its malicious or reckless conduct complained of herein.

e. Award Mr. Caldwell attorney's fees, costs, and disbursements as provided by law; and

f. Award such other and further relief as may be appropriate under the law and the facts of this case.

Respectfully Submitted,

***/s/ David A. Fallon***

David A. Fallon
Attorney and Counselor at Law
Bar Roll 517677
1525 Western Avenue
Albany, NY 12203
dfallon@fallonlawoffice.com
(518) 918-6102
*ATTORNEY FOR PLAINTIFF*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Norman Caldwell, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 10-14-2020
Date

Norman Caldwell

# Exhibit 1

05/29/2018 10:34 (FAX) P.001/002

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 525-2018-00950

New York City Commission On Human Rights and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Norman Caldwell | (518) 977-9450 | 1970 |

Street Address / City, State and ZIP Code: [redacted] Troy, NY 12182

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SODEXO | 500 or More | (518) 271-3435 |

Street Address / City, State and ZIP Code: 2215 Burdett Ave, Troy, NY 12180

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code:

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE: Earliest 12-14-2017 Latest 04-18-2018

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I had worked for Respondent since in or around August 2017. My last position was Cook/Prep.

I started working for Respondent as a dishwasher and was give the Cook/Prep position sometime in or around December 2017. I was placed in the position through People Ready. I was also subject to a background check and passed. On or about December 14, 2017, I was subject to touching of a sexual nature from my coworker Brian Wiley. Specifically, when I would bend over, Wiley would rub his penis on my buttocks. I reported this to my supervisor Brian Lewis who said he would take care of it. Nothing was done and Wiley engaged in the behavior at least 2 more times in or around January 2018. I again reported this to Lewis who stated he would take it to HR. On or about March 27, 2018, Wiley put 2 fingers in the crease between my buttocks and wiggled them. I reported this to Wiley and Wiley's boss Scott. Scott stated he was going to handle it and speak with Walter Gallo from HR. Additionally, I also reported these issues to Chris at People Ready as Respondent had failed to take effect action to stop the harassment. I was then subject to another background check. Upon information and belief, Respondent then suspended and terminated Brian Wiley and terminated Brian Lewis for not reporting the incidents. Respondent advised that I was being discharged because my background check was still "pending" on or about April 18, 2018. I was advised by Nicole at People Ready that Respondent didn't want me there anymore.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

05/29/18 X [signature]

Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

X [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 5/29/18 (month, day, year)

KAREN BATKO
Notary Public, State of New York
Qualified in Albany County
Comm. Expires [illegible]

05/29/2018 10:34 (FAX) P.002/0[illegible]

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 525-2018-00950 |

New York City Commission On Human Rights and EEOC

*State or local Agency, if any*

**I believe I have been subjected to a hostile work environment, subject to inappropriate sexual touching, and terminated in retaliation for complaining of such conduct because of my sex/male in willful violation of Title VII of the Civil Rights Act of 1964, as amended. Subsequent to the termination, I have been harassed by Brian Lewis as he continues to call my phone number. At one point, he yelled at my girlfriend about being terminated because of me and that it was only a joke. I have had to change my phone number as a result.**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>05/29/18 [signature]<br>*Date* *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>[signature]<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 5/29/18<br>*(month, day, year)* [signature] |

KAREN BATKO
Notary Public, State of New York
Qualified in Albany County
[illegible] Expires 2/5/22

# Exhibit 2

EEOC Form 161-B (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Norman S. Caldwell**
[redacted]
**Troy, NY 12180**

From: **Buffalo Local Office**
**300 Pearl Street**
**Suite 450**
**Buffalo, NY 14202**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **525-2018-00950** | **Maureen Kielt, Local Office Director** | **(716) 431-5016** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Maureen C. Kielt

Digitally signed by Maureen C. Kielt
DN: cn=Maureen C. Kielt, o=Equal Employment Opportunity Commission, ou=Buffalo Local Office, email=maureen.kielt@eeoc.gov, c=US
Date: 2020.07.30 16:14:00 -04'00'

**Maureen Kielt,**
**Local Office Director**

*(Date Mailed)*

Enclosures(s)

cc:

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Enclosures(s)