UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NORMAN CALDWELL,

                         Plaintiff,

    v.

SDH EDUCATION WEST, LLC,

                         Defendant.

**ANSWER**

Civil No.:  20-cv-1274 (GLS/DJS)

      Defendant SDH Education West, LLC (hereinafter "Sodexo" or "Defendant"), by and through its attorneys, Harris Beach PLLC, for its Answer to the Complaint of Plaintiff Norman Caldwell (hereinafter "Mr. Caldwell" or "Plaintiff"), states as follows:

      1.     With respect to the allegations in Paragraph "1" of Plaintiff's Complaint that set forth conclusions of law, no response is required, and Defendant refers to the statutes and authorities cited therein for their true and complete content. Defendant admits that Plaintiff's action purports to be brought under the authorities identified therein and admits Plaintiff has alleged that he was subject to unwanted touching.  Defendant denies that it failed to take appropriate action; denies that Plaintiff's rights were unlawfully violated in any manner whatsoever; denies that Plaintiff is entitled to compensatory, punitive, or any other damages whatsoever; and otherwise denies each and every remaining allegation in that Paragraph.

      2.     Defendant admits the allegations in Paragraph "2" of Plaintiff's Complaint.

      3.     With respect to the allegations in Paragraph "3" of Plaintiff's Complaint that set forth conclusions of law, no response is required, and Defendant refers to the statutes and authorities cited therein for their true and complete content.  Defendant admits only that Plaintiff

performed work for Sodexo through his employer, People Ready[1], and otherwise denies each and every remaining allegation in that Paragraph.

4. With respect to the allegations in Paragraph "4" of Plaintiff's Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and authorities cited therein for their true and complete content, and otherwise denies each and every remaining allegation in that Paragraph.

5. Defendant admits the allegations in Paragraph "5" of Plaintiff's Complaint.

## FACTS

6. With respect to the allegations in Paragraph "6" of Plaintiff's Complaint, Defendant admits that People Ready assigned Plaintiff to work in the position of Cook/Food Prep., but denies knowledge or information sufficient to form a belief as to when People Ready first assigned Plaintiff to work at Defendant's location.

7. With respect to the allegations in Paragraph "7" of Plaintiff's Complaint, Defendant admits Mr. Brian Lewis was a non-exempt lead at the location where Plaintiff worked, and otherwise denies each and every remaining allegation in that Paragraph.

8. With respect to the allegations in Paragraph "8" of Plaintiff's Complaint, Defendant admits that it controlled the equipment, uniforms, and food used by Plaintiff when he worked at Defendant's location, and otherwise denies each and every remaining allegation in that Paragraph.

9. Defendant denies the allegations in Paragraph "9" of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph "10" of Plaintiff's Complaint.

11. With respect to the allegations in Paragraph "11" of Plaintiff's Complaint, Defendant admits that all Sodexo employees are expected to report sexual harassment to Human

---

[1] Plaintiff's employer, People Ready, is a staffing agency that supplied temporary workers to Defendant.

Resources or management. Sodexo denies that Mr. Lewis was charged with addressing employee allegations of sex harassment.

12. With respect to the allegations in Paragraph "12" of Plaintiff's Complaint, Defendant admits that Plaintiff has alleged that Mr. Brian Wiley intentionally made contact with Plaintiff while he was bending over and admits upon information and belief that Plaintiff complained to Mr. Lewis about Mr. Wiley's alleged conduct in or around February and March of 2018. Defendant further states that it took immediate and appropriate remedial action upon learning of the allegations and otherwise denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in that Paragraph.

13. With respect to the allegations in Paragraph "13" of Plaintiff's Complaint, Defendant admits upon information and belief that Plaintiff complained to Mr. Lewis about Mr. Wiley's alleged conduct in or around February and March of 2018 and admits upon information and belief that Mr. Lewis told Plaintiff he would address Mr. Wiley's alleged conduct. Defendant further states that it took immediate and appropriate remedial action upon learning of the allegations and otherwise denies each and every remaining allegation in that Paragraph.

14. With respect to the allegations in Paragraph "14" of Plaintiff's Complaint, Defendant admits that Plaintiff has alleged that Mr. Wiley intentionally made contact with Plaintiff while he was bending over, admits upon information and belief that Plaintiff complained to Mr. Lewis about Mr. Wiley's alleged conduct in or around February and March of 2018 and admits upon information and belief that Mr. Lewis told Plaintiff he would address Mr. Wiley's conduct. Defendant further states that it took immediate and appropriate remedial action upon learning of the allegations and otherwise denies each and every remaining allegation in that Paragraph.

15. With respect to the allegations in Paragraph "15" of Plaintiff's Complaint, Defendant admits that Plaintiff has alleged that Mr. Wiley used his fingers to push Plaintiff's behind and admits that Plaintiff reported Mr. Wiley's alleged conduct to Mr. Lewis in March of 2018. Defendant further states that it took immediate and appropriate remedial action upon learning of the allegations; denies knowledge or information sufficient to form a belief as to Plaintiff's conversations with employees of People Ready; and otherwise denies each and every allegation in that Paragraph.

16. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "16" of Plaintiff's Complaint.

17. With respect to the allegations in Paragraph "17" of Plaintiff's Complaint, Defendant denies knowledge or information sufficient to form a belief as to whether Plaintiff passed his background investigation; denies knowledge or information sufficient to form a belief as to what employees of People Ready told Plaintiff; denies that Defendant played any role, either directly or indirectly, with respect to Plaintiff's employment with People Ready; and otherwise denies each and every remaining allegation in that Paragraph.

18. With respect to the allegations in Paragraph "18" of Plaintiff's Complaint, Defendant denies that the alleged damages, if any, were the result of any unlawful conduct on the part of the Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that Paragraph.

19. With respect to the allegations in Paragraph "19" of Plaintiff's Complaint, Defendant denies that the alleged damages, if any, were the result of any unlawful conduct on the part of Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that Paragraph.

20. With respect to the allegations in Paragraph "20" of Plaintiff's Complaint, Defendant denies that it failed to appropriately respond to Plaintiff's harassment complaint, denies that any of the alleged damages, if any, were the result of any unlawful conduct on the part of Defendant, and otherwise denies knowledge or information to form a belief as to the truth or falsity of the remaining allegations in that Paragraph.

21. With respect to the allegations in Paragraph "21" of Plaintiff's Complaint, Defendant denies that the alleged damages, if any, were the result of any unlawful conduct on the part of the Defendant, and otherwise denies the remaining allegations in that Paragraph.

22. With respect to the allegations in Paragraph "22" of Plaintiff's Complaint, Defendant refers to Plaintiff's Exhibit 1 for its true and accurate content.

23. With respect to the allegations in Paragraph "23" of Plaintiff's Complaint, Defendant refers to Plaintiff's Exhibit 2 for its true and accurate content.

24. With respect to the allegations in Paragraph "24" of Plaintiff's Complaint that set forth conclusions of law, no response is required, and Defendant refers to the documents relied on by Plaintiff for their true and accurate content.

**JURISDICTION AND VENUE**

25. With respect to the allegations in Paragraph "25" of Plaintiff's Complaint that set forth conclusions of law, no response is required.  Defendant refers to those statutes and authorities cited therein for their true and complete content.  Defendant admits only that Plaintiff's action purports to invoke jurisdiction under the statutes and authorities identified therein, and otherwise denies that Defendant violated any of those statutes or authorities.

26. With respect to the allegations in Paragraph "26" of Plaintiff's Complaint that set forth conclusions of law, no response is required.  Defendant refers to those statutes and authorities

cited therein for their true and complete content. Defendant admits only that Plaintiff's action purports to invoke jurisdiction under the statutes and authorities identified therein, and otherwise denies that Defendant violated any of those statutes or authorities.

27. With respect to the allegations in Paragraph "27" of Plaintiff's Complaint that set forth conclusions of law, no response is required, and Defendant refers to those statutes and authorities cited therein for their true and complete content. Defendant admits only that Plaintiff performed work for the Defendant within the Northern District of New York, and otherwise denies that Defendant engaged in any unlawful conduct in relation to that work.

28. With respect to the allegations in Paragraph "28" of Plaintiff's Complaint that set forth conclusions of law, no response is required, and Defendant refers to those statutes and authorities cited therein for their true and complete content. Defendant admits only that Plaintiff performed work for the Defendant within the Northern District of New York, and otherwise denies that Defendant engaged in any unlawful conduct in relation to that work.

**FIRST CAUSE OF ACTION**

29. Defendant incorporates answers from paragraphs 1 through 28 of this Answer, as if they were set forth fully in their entirety.

30. Defendant admits the allegations in Paragraph "30" of Plaintiff's Complaint.

31. Defendant denies the allegations in Paragraph "31" of Plaintiff's Complaint.

32. With respect to the allegations in Paragraph "32" of Plaintiff's Complaint, Defendant admits that Plaintiff has alleged that he was subjected to unwanted touching by a Sodexo employee, and otherwise denies each and every remaining allegation in that Paragraph.

33. Defendant denies the allegations in Paragraph "33" of Plaintiff's Complaint.

34. Defendant denies the allegations in Paragraph "34" of Plaintiff's Complaint.

35. Defendant denies the allegations in Paragraph "35" of Plaintiff's Complaint.

36. Defendant denies the allegations in Paragraph "36" of Plaintiff's Complaint.

37. Defendant denies the allegations in Paragraph "37" of Plaintiff's Complaint.

38. Defendant denies the allegations in Paragraph "38" of Plaintiff's Complaint.

39. Defendant denies the allegations in Paragraph "39" of Plaintiff's Complaint.

40. Defendant denies the allegations in Paragraph "40" of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

41. Defendant incorporates answers from paragraphs 1 through 40 of this Answer, as if they were set forth fully in their entirety.

42. With respect to the allegations in Paragraph "42" of Plaintiff's Complaint that set forth conclusions of law, no response is required. Defendant admits upon information and belief that Plaintiff reported Mr. Wiley's alleged conduct to Mr. Lewis in or around February and March of 2018; admits that the final incident involving the alleged conduct set forth in Plaintiff's Complaint was brought to the attention of other Sodexo employees, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that Paragraph.

43. Defendant denies the allegations in Paragraph "43" of Plaintiff's Complaint.

44. Defendant denies the allegations in Paragraph "44" of Plaintiff's Complaint.

45. Defendant denies the allegations in Paragraph "45" of Plaintiff's Complaint.

46. Defendant denies the allegations in Paragraph "46" of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

47. Defendant incorporates answers from paragraphs 1 through 46 of this Answer, as if they were set forth fully in their entirety.

48. Defendant admits the allegations in Paragraph "48" of Plaintiff's Complaint.

49. With respect to the allegations in Paragraph "49" of Plaintiff's Complaint, Defendant admits that Plaintiff's sex was generally known, but otherwise denies each and every remaining allegation in that Paragraph.

50. Defendant denies the allegations in Paragraph "50" of Plaintiff's Complaint.

51. Defendant denies the allegations in Paragraph "51" of Plaintiff's Complaint.

52. Defendant denies the allegations in Paragraph "52" of Plaintiff's Complaint.

53. With respect to those allegations contained in the PRAYER FOR RELIEF paragraph of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to remedies contained in the said paragraph.

54. Defendant denies each and every other allegation set forth in the Plaintiff's Complaint not heretofore specifically admitted, denied or otherwise controverted.

## AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

55. Plaintiff's Complaint should be dismissed because it fails to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

56. Plaintiff's Complaint should be dismissed because Defendant had legitimate and non-discriminatory rationale for each and every action taken with respect to the Plaintiff unrelated to his sex or protected activity.

### THIRD AFFIRMATIVE DEFENSE

57. Plaintiff's Complaint should be dismissed because Defendant's policies and practices were applied consistently to all employees regardless of sex or participation in protected activity, or any other categorical feature protected by state or federal statute or regulation.

### FOURTH AFFIRMATIVE DEFENSE

58. Plaintiff's Complaint should be dismissed because Defendant exercised reasonable care to prevent and/or correct any discriminatory or retaliatory conduct and Plaintiff unreasonably failed to take advantage of these protective and/or corrective opportunities in order to avoid harm.

### FIFTH AFFIRMATIVE DEFENSE

59. Upon information and belief, the Plaintiff's claims are barred in whole or in part because the Plaintiff was aware of, but failed to utilize or employ, Defendant's policies and procedures safeguarding employees for alleged discrimination and/or retaliation.

### SIXTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred to the extent that Defendant reasonably responded to any complaint made by Plaintiff and took appropriate action in response thereto.

### SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiff's hostile environment and harassment claims are barred because the behavior alleged by the Plaintiff does not arise to the requisite level of "severity" and/or "pervasiveness" required to give rise to a hostile work environment as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

62. Plaintiff's hostile environment and retaliation claims are barred because the Defendant did not authorize, condone, acquiesce or otherwise approve of any discriminatory or retaliatory behavior directed at the Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred to the extent that Plaintiff's administrative charges failed to include all facts, allegations and theories of recovery as alleged in Plaintiff's Complaint.

### TENTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred to the extent that they are premised on any allegations outside the applicable limitations period imposed by the statutes pursuant to which he brings this action or to the extent the Plaintiff has failed to comply with any other applicable limitation period with respect to the filing of administrative charges or this Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims should be dismissed because the Defendant was not the Plaintiff's "employer" within the meaning of the statutes that Plaintiff's claims are based on.

### TWELFTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims should be dismissed because Defendant took no tangible employment action against Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred to the extent that he seeks any measure of recovery in excess of those damages allowed by the statues pursuant to which his action is brought.

### FOURTEENTH AFFIRMATIVE DEFENSE

68. Upon information and belief, Plaintiff's claims are barred in whole or in part under the doctrines of waiver, estoppel, laches and "unclean hands".

### FIFTEENTH AFFIRMATIVE DEFENSE

69. Upon information and belief, Plaintiff's conduct was the sole cause of damages alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

70. Upon information and belief, Plaintiff's claims are barred in whole or in part because he has unreasonably failed to mitigate his damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

71. The Court, in its discretion, should decline to exercise jurisdiction over Plaintiff's state law claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

72. Defendant reserves the right to assert such other additional and/or affirmative defenses that may become known through discovery.

**WHEREFORE**, for all the foregoing reasons, Defendant respectfully demands judgment dismissing Plaintiff's Complaint in its entirety on the merits, together with costs, disbursements, and reasonable attorneys' fees incurred in the defense of this action; that in the event judgment is awarded to Plaintiff that it be reduced to the extent that Plaintiff has failed to mitigate his damages; and that Defendant have such other and further relief as this Court may deem just and proper.

Dated: November 23, 2020
      Pittsford, New York

**HARRIS BEACH PLLC**

s/Daniel J. Moore
Daniel J. Moore
Daniel J. Palermo
*Attorneys for Defendant*
99 Garnsey Road
Pittsford, New York 14534
Phone:  (585) 419-8626
Fax:     (585) 419-8817
dmoore@harrisbeach.com
dpalermo@harrisbeach.com

TO:   David A. Fallon, Esq.
      *Attorneys for Plaintiff*
      1525 Western Avenue
      Albany, NY 12203
      (518) 918-6102
      dfallon@fallonlawoffice.com